# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

RONALD BREWER,

    Plaintiff,

v.                                           Case No: 8:09-CV-132-T-27TGW

MICHAEL J. ASTRUE,
**Commissioner of Social Security,**

    Defendant.
_____/

## ORDER

**THIS CAUSE** came on for consideration upon the Report and Recommendation ("R&R") submitted by Magistrate Judge Thomas G. Wilson (Dkt. 24) recommending that the decision of the Defendant Commissioner denying Plaintiff's application for a period of disability, disability insurance benefits, and supplemental security income benefits be affirmed. Plaintiff filed objections to the R&R (Dkt. 25). After an independent review, the Court agrees with the finding in the Report and Recommendation that the Commissioner's decision is supported by substantial evidence and comports with applicable legal standards.

The District Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)

(quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). While the Court reviews the Commissioner's decision with deference to factual findings, no such deference is given to legal conclusions. *Keeton v. Department of HHS*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citing *Cornelius v. Sullivan*, 936 F. 2d 1143, 1145 (11th Cir. 1991)).

Plaintiff's chief objection is that the ALJ failed to comply with Social Security Ruling 82-41 ("SSR 82-41"), 1982 WL 31389 (S.S.A. 1982)[1] because (a) in response to a question posed by Plaintiff's counsel, the vocational expert assumed that claimant was limited to *occasional* fine manipulation and stated that this limitation would allow work as a gate guard; (b) the job of gate guard, Dictionary of Occupational Titles (4th ed. 1991) No. 372.667-030, has a skill level (specific vocational preparation level) of 3 (semi-skilled);[2] and (c) the Administrative Law Judge ("ALJ") failed to set forth the findings required by SSR 82-41 identifying Plaintiff's transferable skills and concluding that the skills can be used to perform the semi-skilled job of gate guard.[3]

As the Magistrate Judge notes, however, the ALJ determined that that plaintiff can perform fine manipulation (what the vocational expert also described as "fingering . . . basically" [Tr. 353]) *frequently*–not merely *occasionally*. (Tr. 21, 26). In accordance with that determination, the ALJ

---

[1] Social Security Rulings "are binding on all components of the Social Security Administration." 20 C.F.R. § 402.35(b)(1); *Sullivan v. Zebley*, 493 U.S. 521, 531 n.9 (1990). Although SSRs do not have the force of law, they are entitled to deference if consistent with the Social Security Act and regulations. *Massachi v. Astrue*, 486 F.3d 1149, 1152 n.6 (9th Cir. 2007).

[2] *See also* Tr. 29.

[3] *See* SSR 82-41, 1982 WL 31389, at *7 ("When the issue of skills and their transferability must be decided, the . . . ALJ is required to make certain findings of fact and include them in the written decision. Findings should be supported with appropriate documentation. When a finding is made that a claimant has transferable skills, the acquired work skills must be identified, and specific occupations to which the acquired work skills are transferable must be cited in the . . . ALJ's decision."); *see also Dikeman v. Halter*, 245 F.3d 1182, 1185 (10th Cir. 2001).

2

asked the vocational expert to assume that the claimant could perform tasks involving *frequent* fine manual dexterity (Tr. 349), and the vocational expert identified three unskilled jobs that exist in the national economy jobs that a person with that limitation could perform: produce grader, merchandise marker, and parking lot attendant. (Tr. 349-51, 353). On the basis of this expert testimony that, given his age, education, work experience and residual functioning capacity ("RFC"), Plaintiff could perform jobs that exist in significant numbers in the national economy jobs, the ALJ found Plaintiff to be not disabled. *See* 20 C.F.R. § 404.1512(g), 20 C.F.R. § 404.1560(c); C.F.R. § 416.912(g); 20 C.F.R. § 416.960(c).

Because the ALJ based his determination at step five of the sequential evaluation process on the availability of unskilled jobs that Plaintiff could perform, the ALJ was not required to make findings as to the transferability of Plaintiff's skills to an available semi-skilled job (gate guard) if Plaintiff had greater limitations. *See* SSR 82-41, 1982 WL 31389, at *7 (requiring findings as to transferability "[w]hen the issue of skills and their transferability must be decided . . . ."). As the ALJ correctly stated, "[t]ransferability of job skills [was] not material to the determination of disability" because his step five analysis resulted in the conclusion that Plaintiff "is 'not disabled' whether or not [Plaintiff] has transferable job skills." (Tr. 28). Although that determination was premised on the ALJ's finding that Plaintiff can perform fine manipulation *frequently*, the Court agrees with the Magistrate Judge that this finding is supported by substantial evidence.

In sum, Plaintiff's objections (Dkt. 25) are overruled. Accordingly, it is **ORDERED AND ADJUDGED**:

1)     The Report and Recommendation of the Magistrate Judge (Dkt. 24) is adopted,

confirmed, and approved and is made a part of this order for all purposes, including appellate review.

2) The decision of the Defendant Commissioner is affirmed.

3) The Clerk is directed to enter judgment in favor of the Defendant Commissioner.

4) The Clerk is directed to close this case.

**DONE AND ORDERED** in Tampa, Florida, on this 9th day of February, 2010.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Counsel of Record